**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4328-17T2

E.F.,

      Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES, and AMERIGROUP,

      Respondents-Respondents.

_____

Submitted March 18, 2019 – Decided April 2, 2019

Before Judges Fasciale and Rose.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

SB2 Inc., attorneys for appellant (Laurie M. Higgins, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent Division of Medical Assistance and Health Services (Melissa H. Raksa, Assistant Attorney General, of counsel; Arundhati Mohankumar, Deputy Attorney General, on the brief).

Pringle Quinn Anzano, PC, attorneys for respondent Amerigroup (Michael P. O'Connell, on the brief).

PER CURIAM

This appeal pertains to a contract dispute between a nursing home (the provider) and a Managed Care Organization (MCO) (Amerigroup). The provider admitted E.F. into the facility and rendered services for approximately two weeks.[1] Amerigroup concluded that the provider breached the contract by failing to timely notify it about E.F.'s admission. Consequently, Amerigroup denied the provider's request for payment. Amerigroup explained the appeal process for disputing payments, and erroneously indicated that one may request a Medicaid fair hearing.

The provider did not file an internal appeal. Instead, E.F. executed a designation of authorized representative (DAR)[2] form and requested a fair hearing. The parties moved for summary decision in the Office of Administrative Law and an Administrative Law Judge (ALJ) concluded that E.F. received the nursing home services, and that N.J.A.C. 10:74-8.7 prevented the provider from "balance billing" E.F. Thus, E.F. suffered no harm because she

---

[1] From January 15, 2017 to January 29, 2017.

[2] E.F.'s authorized representative is a representative of the provider's fiscal agent.

A-4328-17T2

could not be billed for any outstanding payments. The ALJ determined that E.F. lacked standing to appeal Amerigroup's refusal to pay the provider because she did not have a stake in the matter.

E.F. now appeals from an April 18, 2018 final agency decision by the Division of Medical Assistance and Health Services (DMAHS) adopting the ALJ's decision. DMAHS rejected E.F.'s representative's request to compel Amerigroup to pay for the services that E.F. received, and concluded that the dispute had nothing to do with E.F.'s Medicaid eligibility or her need for medical services. Instead, the dispute pertained to the contract dispute, which it declined to adjudicate. We affirm.

On appeal, E.F. argues that (1) Amerigroup violated its own provider manual (the manual); (2) DMAHS erred by not considering the manual and evaluating Amerigroup's refusal to pay the provider; and (3) E.F. has standing to challenge Amerigroup's denial. We conclude that these contentions are without sufficient merit to warrant attention in a written decision. R. 2:11-3(e)(1)(E). We add these brief remarks.

DMAHS, as an administrative agency within the Department of Human Services, administers the Medicaid program. N.J.S.A. 30:4D-7. An applicant can request a fair hearing if denied a Medicaid claim. N.J.A.C. 10:49-10.3(b);

42 C.F.R. § 431.220(a)(1). E.F. had no right to request a fair hearing because she had no Medicaid claim. Instead, the provider should have internally appealed from Amerigroup's refusal to pay.

Medicaid beneficiaries – like E.F. – enroll with an MCO, like Amerigroup, and when the beneficiary receives services, a provider submits a claim for payment directly to the MCO. Once the beneficiary receives services, that individual is not responsible for paying the provider. In fact, the provider cannot bill the beneficiary. N.J.A.C. 10:74-8.7. Rather, the provider can seek collection from the MCO.

The provider's contract with Amerigroup outlines its internal claims appeal process. After explaining that E.F. entered the facility without notice or approval by Amerigroup, and specifically stating that Amerigroup denied the "stay for non-notification of admission," Amerigroup outlined the health plan appeal process. According to the contract, the provider may file an informal appeal, and if dissatisfied, then request arbitration within ninety-days. The contract states that covered persons are not required to take any action as to the payment dispute process.

But fair hearing rights are different from a provider's right to initiate a billing dispute. N.J.A.C. 10:49-10.3(b) sets forth opportunities for fair hearings and states in part that such an opportunity

> shall be granted to all claimants requesting a hearing because their claims for medical assistance are denied or are not acted upon with reasonable promptness, or because they believe the Medicaid Agent or NJ FamilyCare-Plan A program has erroneously terminated, reduced or suspended their assistance. The Medicaid Agent or NJ FamilyCare program need not grant a hearing if the sole issue is one of a Federal or State law requiring an automatic termination, reduction or suspension of assistance affecting some or all claimants.

Here, the dispute does not involve E.F.'s Medicaid eligibility or the denial of her benefits. Indeed, E.F. received long-term care services for which the provider cannot bill her pursuant to N.J.A.C. 10:74-8.7. Therefore, DMAHS determined E.F. lacked standing because she received the services to which she was entitled. In other words, she lacked any stake in the provider's request for payment. The dispute is rightfully between the provider and Amerigroup, and DMAHS correctly dismissed the appeal because it did not involve E.F.'s beneficiary status.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4328-17T2